# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PENELOPE PAHL,

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY
and GROUP LONG TERM DISABILITY INSURANCE FOR
EMPLOYEES OF WEINBERG, ROGER & ROSENFELD;

TO: (Name and address of defendant)
JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and
GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER &
ROSENFELD;

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Corinne Chandler, Esq,
Kantor & Kantor LLP
17216 Parthenia Street
Northridge, California 91325

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

OCT 15 2007

Richard W. Wieking
CLERK

DATE

(BY) DEPUTY CLERK

NDCA0440

Corinne Chandler, Esq. State Bar No. 111423
  E-Mail: cchandler@kantorlaw.net
Brent D. Brehm, Esq. State Bar No. 248983
  E-Mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
17216 Parthenia Street
Northridge, CA 91325
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Attorneys for Plaintiff, Penelope Pahl

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE PAHL, | CASE NO: |
| Plaintiff, | COMPLAINT FOR: |
| VS. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER & ROSENFELD; | |
| Defendants. | |

Plaintiff, PENELOPE PAHL herein sets forth the allegations of her Complaint against Defendants JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER & ROSENFELD.

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under

1

1  these code sections as well as 28 U.S.C. sections 1331 as this action involves a federal
2  question. This action is brought for the purpose of obtaining benefits under the terms of
3  an employee benefit plan; to clarify and enforce Plaintiff's past, present and future rights
4  to benefits under all of the employee benefit plans named herein as defendants; and, to
5  obtain other equitable relief, including but not limited to, restitution, an injunction
6  ordering defendants to qualify Plaintiff for the receipt of benefits and to pay Plaintiff
7  benefits to which Plaintiff is entitled; for prejudgement and postjudgment interest; and
8  for attorneys' fees and costs.

   2.   Plaintiff was at all times relevant, an employee of Weinberg, Roger & Rosenfeld, and a resident and citizen of the County of Alameda. Plaintiff is currently residing in Alameda County.

   3.   Plaintiff is informed and believes that Defendant JEFFERSON PILOT FINANCIAL INSURANCE COMPANY ("JEFFERSON PILOT") is a corporation with its principal place of business in the State of Nebraska, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. JEFFERSON PILOT is the insurer of benefits under the LTD Plan. Defendant JEFFERSON PILOT is also a Plan fiduciary as defined under ERISA.

   4.   Plaintiff is informed and believes that Defendant GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER & ROSENFELD, (hereinafter "LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Weinberg, Roger & Rosenfeld, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits under. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. section 1132(e)(2) (special venue rules applicable to ERISA actions).

## FIRST CAUSE OF ACTION AGAINST
## GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF
## WEINBERG, ROGER & ROSENFELD AND
## JEFFERSON PILOT FINANCIAL INSURANCE COMPANY
## FOR DENIAL OF PLAN BENEFITS

6. At all times relevant, Plaintiff was employed by Weinberg, Roger & Rosenfeld. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by Weinberg, Roger & Rosenfeld. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the LTD Plan.

7. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the LTD Plan.

8. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to JEFFERSON PILOT. On January 20, 2006, Plaintiff's claim for LTD benefits was denied by JEFFERSON PILOT. On May 26, 2006, Plaintiff appealed this determination and on October 27, 2006, JEFFERSON PILOT erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits, further advising Plaintiff of her right to a second level of appeal. On June 21, 2007, through her counsel, Plaintiff again appealed JEFFERSON PILOT'S determination. To date, JEFFERSON PILOT has failed to render a decision. Due to JEFFERSON PILOT'S failure to effect a decision on Plaintiff's appeal within the time frame prescribed by

ERISA, Plaintiff is deemed to have exhausted all administrative remedies required under ERISA, has performed all duties and obligations on her part to be performed under the LTD Plan, and any further appeal on Plaintiff's part is excused on the basis of futility.

9. Defendants JEFFERSON PILOT and LTD Plan wrongfully denied Plaintiff's claim, in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when JEFFERSON PILOT and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and JEFFERSON PILOT had such knowledge, JEFFERSON PILOT denied Plaintiff's LTD benefits;

(b) Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

(c) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(d) After Plaintiff's claim was denied in whole or in part, JEFFERSON PILOT failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(e) Concealing and withholding from Plaintiff the notice requirements JEFFERSON PILOT and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations §2560.503-1(e) - (g), inclusive; and

(f) Failing to properly and adequately investigate the merits of Plaintiff's disability claim.

10. Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied her disability benefits under the LTD Plan by other acts

or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

11. Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

12. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and JEFFERSON PILOT, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

13. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

**SECOND CAUSE OF ACTION AGAINST**
**GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF**
**WEINBERG, ROGER & ROSENFELD AND**
**AND JEFFERSON PILOT FINANCIAL INSURANCE COMPANY**
**FOR EQUITABLE RELIEF**

14. Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. As a direct and proximate result of the failure of the LTD Plan and/or JEFFERSON PILOT to pay disability benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a)    Restitution of all past benefits due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

    (b)    A mandatory injunction issued requiring defendants LTD Plan and JEFFERSON PILOT to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

    (c)    Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER & ROSENFELD AND AND JEFFERSON PILOT FINANCIAL INSURANCE COMPANY FOR DECLARATORY RELIEF

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. A controversy now exists between JEFFERSON PILOT and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant JEFFERSON PILOT and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2. For a declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4. Pursuant to 29 U.S.C. section 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: October 12, 2007               KANTOR & KANTOR, LLP

                                      BY /s/ Corinne Chandler
                                      CORINNE CHANDLER
                                      ATTORNEY FOR PLAINTIFF
                                      PENELOPE PAHL