BURKE, WILLIAMS & SORENSEN, LLP
MICHAEL F. BELL, State Bar No. 089046
444 South Flower Street
Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

Attorneys for Defendants
Jefferson Pilot Financial Insurance Company
and Group Long Term Disability Insurance
for Employees of Weinberg, Roger &
Rosenfeld

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE PAHL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYHEES OF WEINBERG, ROGER & ROSENFELD,<br><br>Defendant. | CASE NO. C 07-5253 MMC<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS JEFFERSON PILOT FINANCIAL INSURANCE COMPANY AND GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER 7 ROSENFELD** |

Defendants Jefferson Pilot Financial Insurance Company ("JPF") and Group Long Term Disability Insurance for Employees of Weinberg, Roger & Rosenfeld ("LTD Plan") hereby answer the Complaint of Plaintiff Penelope Pahl ("Pahl") by admitting, denying, and alleging as follows:

## ANSWER TO PRELIMINARY ALLEGATIONS

1. Defendants admit those facts necessary to confer jurisdiction upon the United States District Court based on the existence of a federal question arising

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4849-9334-4514 v1

CASE NO. C 07-5253 MMC
ANSWER TO COMPLAINT

1  under the Employee Retirement Income Security Act of 1974 ("ERISA").  Further
2  responding to the allegations of Paragraph 1, Defendants allege that said paragraph
3  contains a purported statement of law or a legal position, and does not contain
4  factual allegations requiring a response.

6       2.      Responding to the allegations of Paragraph 2, Defendants admit that
7  Plaintiff was employed by Weinberg, Roger & Rosenfeld ("Weinberg").
8  Defendants are informed and believe that Plaintiff is a citizen and resident of
9  Alameda County, California.

11      3.      Responding to the allegations of Paragraph 3, Defendants admit and
12 allege that JPF is a Nebraska corporation, which is authorized to do and doing
13 business as an insurer in the State of California; that JPF insures the LTD Plan
14 under a group long-term disability policy, Policy No. 000860062213 (the "LTD
15 Policy"); and that JPF is a plan fiduciary.  Except as admitted or alleged herein,
16 Defendants deny the remaining allegations of this paragraph.

18      4.      Responding to the allegations of Paragraph 4, Defendants admit and
19 allege that the LTD Plan is an employee welfare plan subject to ERISA that was
20 and is established and maintained by Weinberg; that Plaintiff was a participant in
21 the LTD Plan; and that the LTD Plan provides long-term disability benefits subject
22 to the terms and conditions of the LTD Policy.  Except as expressly admitted or
23 alleged herein, Defendants lack sufficient information or belief as to the remaining
24 allegations of this paragraph, and deny those allegations on that ground.
25 / / /
26 / / /
27 / / /
28 / / /

## ANSWER TO FIRST CAUSE OF ACTION

5. Responding to the allegations of Paragraph 5, Defendants allege that venue is proper in the United States District Court, Northern District of California. Except as expressly admitted or alleged herein, Defendants deny the allegations of this paragraph.

6. Responding to the allegations of Paragraph 6, the LTD Plan provides a Total Disability Monthly Benefit, after an elimination period, if an insured employee is Totally Disabled, under the regular care of a Physician, and submits proof of such Total Disability and Physician care. Total Disability for Attorneys under the Plan means that after the elimination period, the insured is unable to perform each of the main duties of her regular occupation. Plaintiff submitted a claim for Total Disability Monthly Benefits under the Plan. JPF concluded, based on substantial evidence, including, but not limited to an independent medical examination and peer medical review, that Plaintiff was capable of working in her regular occupation and that therefore Plaintiff was not Totally Disabled as required by the Plan. Except as expressly admitted or alleged herein, Defendants deny the allegations of this paragraph.

7. Responding to the allegations of Paragraph 7, Defendants admit and allege that Plaintiff was a participant in the LTD Plan at all times relevant herein. Except as expressly admitted or alleged herein, Defendants deny the allegations of this paragraph.

8. Responding to the allegations of Paragraph 8, Defendants admit and allege that Plaintiff submitted a claim for Total Disability benefit under the Plan; that in or about December 2005 or January 2006, Plaintiff received notice that her

1  claim for Total Disability benefits was denied; that by letter dated May 26, 2006,
2  Plaintiff appealed the denial of her claim for Total Disability Benefits; that by letter
3  dated October 27, 2006 Plaintiff was advised by JPF that her appeal had been
4  denied and the original decision to deny Total Disability benefits had been upheld;
5  that on or about June 22, 2007, Plaintiff, through her counsel, initiated a second
6  appeal of the claim decision and submitted additional information and documents to
7  JPF; and that at the time the Complaint herein was filed, the second appeal was still
8  pending.  Except as expressly admitted or alleged herein, Defendants deny the
9  allegations of this paragraph.

11       9.    Responding to the allegations of Paragraph 9 and its subparts (a)
12  through (f), inclusive, Defendants deny those allegations.

14       10.   Responding to the allegations of Paragraph 10, Defendants deny those
15  allegations.

17       11.   Responding to the allegations of Paragraph 11, Defendants admit that
18  the administrative remedies required by ERISA with respect to the initial appeal
19  have been exhausted.  Except as expressly admitted or alleged herein, Defendants
20  deny the allegations of this paragraph.

22       12.   Responding to the allegations of Paragraphs 12 and 13, Defendants
23  deny those allegations.

## **ANSWER TO SECOND CAUSE OF ACTION**

27       13.   Responding to the allegations of Paragraph 14, Defendants refer to and
28  incorporate herein each of their responses to Paragraphs 1 through 13, inclusive.

14,   Responding to the allegations of Paragraph 15 and its subparts (a) through (c), inclusive, Defendants deny those allegations.

## ANSWER TO THIRD CAUSE OF ACTION

15.   Responding to the allegations of Paragraph 16, Defendants refer to and incorporate herein each of their responses to Paragraphs 1 through 15, inclusive.

16.   Responding to the allegations of Paragraph 17, Defendants admit and allege that a controversy now exists between Defendants and Plaintiff regarding Plaintiff's entitlement to further Total Disability Monthly Benefits under the Plan. Except as expressly admitted or alleged herein, Defendants deny the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

17.   The Complaint and each of its alleged causes of action fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

18.   Plaintiff's claims should be dismissed because Defendants discharged their duties with respect to the Plan solely in the interest of Plan participants and beneficiaries, and in so doing, acted in accordance with the documents and instruments governing the Plan.

/ / /

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

19.     Plaintiff's claims should be dismissed because Defendants did not act arbitrarily or capriciously in administering Plaintiff's claim, but rather acted reasonably, on the basis of substantial evidence, and in accordance with the documents and instructions governing the Plan.

## FOURTH AFFIRMATIVE DEFENSE

20.     The Plan specifically provides that the Total Disability Monthly Benefit will be offset by the amount of "Other Income Benefits," which includes, without limitation, workers' compensation benefits, state disability benefits, and Social Security disability benefits, including benefits received by the employee, her spouse, or her children.

21.     Defendants are informed and believe and based thereon allege that Plaintiff has been or may be awarded Other Income Benefits, including state disability income benefits and Social Security disability benefits. Total Disability Monthly Benefits owed, if any, to Plaintiff under the Plan must be offset by Other Income Benefits received or which may be received by Plaintiff.

WHEREFORE, these Defendants pray judgment:

1. That Plaintiff take nothing by reason of her Complaint;

2. For costs of suit incurred herein, including attorneys' fees; and

1      3. For such other and further relief as the Court may deem just and proper.

3  DATED: December 12, 2007      BURKE, WILLIAMS & SORENSEN, LLP
                                                        MICHAEL F. BELL

By: */s/ Michael F. Bell*
    MICHAEL F. BELL
    Attorneys for Defendants
    Jefferson Pilot Financial Insurance
    Company and Group Long Term
    Disability Insurance for Employees of
    Weinberg, Roger & Rosenfeld