Corinne Chandler, Esq. SBN: 111423
 E-Mail: cchandler@kantorlaw.net
Brent D. Brehm, Esq. SBN: 248983
 E-Mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Attorneys for Plaintiff, Penelope Pahl

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE PAHL,<br><br>    Plaintiff,<br><br>VS.<br><br>JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and GROUP LONG TERM DISABILITY INSURANCE FOR EMPLOYEES OF WEINBERG, ROGER & ROSENFELD;<br><br>    Defendants. | CASE NO: 3:07-CV-05253-MMC<br><br>JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)<br><br>Date:    January 25, 2008<br>Time:   10:30 a.m.<br>Ctrm:    7<br><br>Telephonic Appearance Requested |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Plaintiff Penelope Pahl ("Pahl") and Defendants Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") and Group Long Term Disability Insurance for Employees of Weinberg, Roger & Rosenfeld ("LTD Plan") (collectively "Defendants"), by and through their respective counsel, submit this Joint Report.

On December 20, 2007, counsel for the parties conducted a meeting of counsel pursuant to FRCP 26(f). Pahl was represented by Brent Dorian Brehm of Kantor & Kantor, LLP. Defendants were represented by Michael Bell of Burke, Williams and Sorensen, LLP.

N/A

**1.    Jurisdiction and Service**

This action is brought under 29 U.S.C. sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. sections 1331 as this action involves a federal question. No issues exist regarding personal jurisdiction, venue, or service.

**2.    Facts**

Plaintiff was employed by Weinberg, Roger & Rosenfeld as an attorney and was covered under the LTD Plan. Plaintiff submitted a claim for LTD benefits under the Plan to Jefferson Pilot asserting that she was totally disabled as a result of a myriad of symptoms and conditions, including rheumatoid arthritis. Jefferson Pilot evaluated Plaintiff's claim for LTD benefits, including obtaining an outside medical examination and peer medical review. Jefferson Pilot denied the claim on January 20, 2006, and Plaintiff timely appealed the denial on May 26, 2006. Plaintiff's appeal was subsequently denied and the prior claim decision was upheld by Jefferson Pilot on October 27, 2006. Plaintiff was advised at the time of her right to a second level of appeal. On June 21, 2007, through counsel, Plaintiff again appealed the denial of the claim.

Plaintiff filed this lawsuit on October 12, 2007 to recover LTD benefits under the Plan. Plaintiff contends, among other things, that Jefferson Pilot failed to render a decision on the second level appeal within the time allowed by the regulations and that, as a result, the appeal was deemed denied, allowing the filing of this action. Defendants contend that Plaintiff failed to exhaust her administrative remedies prior to filing this action.

**3.    Legal Issues**

The parties agree that the applicable standard of review at trial is that of *de novo*. Utilizing that standard of review, the legal issues for consideration are:

     A.    Did Plaintiff exhaust her administrative remedies?

     B.    Was Plaintiff disabled under the terms of the LTD Plan?

     C.    What is the amount of benefits, if any, to which Plaintiff is entitled pursuant to the terms and conditions of the LTD Plan at issue in this action?

**4. Motions**

Defendants may file a motion on the issue of exhaustion of administrative remedies. Counsel agree that summary judgement in unavailable in the case because the court will be required to make factual findings under the *de novo* standard of review.

**5. Amendment of Pleadings**

The parties do not anticipate any amendments to the pleadings.

**6. Evidence Preservation**

The parties do not anticipate the need for implementation of evidence preservation action.

**7. Disclosures**

The parties have agreed to exchange initial disclosures on January 15, 2008.

**8. Discovery**

The parties have not engaged in any discovery to date. Plaintiff's reserve the right to conduct discovery to the extent permitted in an ERISA case to be decided under the *de novo* standard of review. Defendants' contend discovery is not permitted under ERISA.

**9. Class Actions**

Not applicable.

**10. Related Cases**

The parties are not aware of any related cases.

**11. Relief**

Plaintiff seeks payment of disability benefits due Plaintiff under the LTD Plan, including any and all prejudgment and postjudgment interest; a declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same

while Plaintiff is, was and continues to remain disabled under the LTD Plan; injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan; pursuant to 29 U.S.C. Section 1132(g) for all costs and attorney fees incurred in pursuing this action; prejudgment and postjudgment interest as allowed for under ERISA; and for such other and further relief as this Court deems just and proper.

If liability is established, defendants contend damages should be calculated by the terms of the LTD Plan; including the reduction of benefits or offset for Other Income Benefits, such as Social Security disability benefits or State Disability benefits.

**12.  Settlement and ADR**

To date, the parties have not explored settlement. The parities have agreed to private mediation, and anticipate meaningful settlement discussions.

**13.  Consent to Magistrate Judge For All Purposes**

The parties do not consent to a magistrate judge for all further proceedings.

**14.  Other References**

Not applicable.

**15.  Narrowing of Issues**

The parties do not feel the issues can be further narrowed.

**16.  Expedited Schedule**

The parties feel this matter is appropriate for streamlining by eliminating the designation of experts, pretrial conference, and by the submission of trial briefs.

///
///
///
///
///
///
///
///

**17. <u>Scheduling</u>**

| | |
|---|---|
| Designation of experts | Not applicable |
| Discovery cutoff | June 27, 2008 |
| Hearing of dispositive motions | July 25, 2008 |
| Pretrial conference | Not applicable |
| Last day to file opening trial briefs | September 15, 2008 |
| Last day to file responsive trial briefs | October 6, 2008 |
| Trial | October 20, 2008 |

**18. <u>Trial</u>**

This matter will be tried to the court and will last one half to one day.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil local Rule 3-16.

Plaintiff's certification:
1. Penelope Pahl;
2. Jefferson Pilot Financial Insurance Company; and
3. Group Long Term Disability Insurance for Employees of Weinberg, Roger & Rosenfeld.

Defendants' amended certification:
1. Plaintiff, Penelope Pahl;
2. The Lincoln National Life Insurance Company, as successor-in-interest, effective July 2, 2007, to Defendant Jefferson Pilot Financial Insurance Company;
3. Lincoln National Corporation; and
4. Defendant, Group Long Term Disability Insurance for Employees of Weinberg, Roger & Rosenfeld.

20. **Other Matters**

None.

DATED: January 11, 2008         KANTOR & KANTOR, LLP

                                BY _____
                                BRENT DORIAN BREHM
                                ATTORNEYS FOR PLAINTIFF
                                PENELOPE PAHL


DATED: January 11, 2008         BURKE, WILLIAMS & SORENSEN, LLP

                                BY _____
                                MICHAEL F. BELL
                                ATTORNEYS FOR DEFENDANTS
                                JEFFERSON PILOT FINANCIAL
                                INSURANCE COMPANY AND
                                GROUP LONG TERM DISABILITY
                                INSURANCE FOR EMPLOYEES OF
                                WEINBERG, ROGER & ROSENFELD

# **PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my 19839 Nordhoff Street, Northridge, California 91324.

On January 14, 2008, I served the foregoing document described as: JOINT REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) on the interested parties in this action by personally serving a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael F. Bell, Esq.
Burke, Williams & Sorensen LLP
444 S. Flower Street, #2400
Los Angeles, CA 90071

[ ]  (BY MAIL) I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[ ]  (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ]  (BY FEDERAL EXPRESS) I caused such envelope to be delivered on January 19, 2005 by Federal Express to the office of the addressee so indicated.

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 14, 2008, at Northridge, California.

*Mildred Schwam*
Mildred Schwam